**Jose Antonio ARREOLA–AMEZQUITA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–70434.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2010.*

Filed April 12, 2010.

Signe Dortch, Esq., Gibson Houston & Pauw, Seattle, WA, for Petitioner.

Aka–District Counsel, Immigration & Naturalization Service Office of the District Counsel, Anchorage, AK, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jeffery R. Leist, U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Jose Antonio Arreola–Amezquita, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for adjustment of status.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's findings of fact, *Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir.2005), and review de novo claims of due process violations in immigration proceedings, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

The record does not compel the conclusion that Arreola–Amezquita met his burden of proving lawful admission in March 2000. *See Singh–Kaur v. INS*, 183 F.3d

1147, 1150 (9th Cir.1999) (a contrary result is not compelled where there is "[t]he possibility of drawing two inconsistent conclusions from the evidence") (internal quotation marks and citation omitted). Arreola–Amezquita's testimony regarding his manner of entry materially conflicted with the Form I–213 and supporting testimony of Agent Rosenberg. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir.1995) (finding a Form I–213 probative and its admission fundamentally fair).

It follows that Arreola–Amezquita's due process contentions are unavailing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

